# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTY BLOODWORTH, individually and as parent and next friend of B.B., a minor child, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-23-172-EFM-GLJ |
| DURANT HMA PHYSICIAN MANAGEMENT, LLC, d/b/a DURANT ORTHOPEDIC CLINIC, an Oklahoma Limited Liability Company; JEFFREY NEILSON, M.D.; JOHNSON & JOHNSON, a New Jersey corporation; DEPUY SYNTHES, INC., a Delaware corporation and subsidiary of Johnson & Johnson; DEPUY SPINE, INC., a subsidiary of Johnson & Johnson and predecessor of DePuy Spine, LLC; DEPUY SPINE, LLC, a subsidiary of Johnson & Johnson; DEPUY SYNTHES PRODUCTS, INC., a subsidiary of Johnson & Johnson; DEPUY SYNTHES SALES, INC., a subsidiary of Johnson & Johnson; DEPUY ORTHOPEDICS, INC., a subsidiary of Johnson & Johnson, DEPUY SYNTHES SPINE, a division of Johnson & Johnson; MEDICAL DEVICE BUSINESS SERVICE, INC., a subsidiary of Johnson & Johnson, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Christy Bloodworth's Motion to Remand. Plaintiff instituted this action in state court in Pushmataha County, Oklahoma in Case No. CJ-2022-17, on behalf of herself and her minor daughter, B.B., against the above-named Defendants, including Durant HMA Physician Management, LLC ("Durant HMA"), an Oklahoma limited liability company, Oklahoma physician Jeffrey Neilson, and Johnson & Johnson, a New Jersey corporation, along with numerous Johnson & Johnson subsidiaries ("J&J Defendants"). The Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Docket No. 15 ("Amended Notice of Removal"). Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction. The Court has referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 35. For the reasons set forth below, the undersigned Magistrate Judge finds the Plaintiff's Motion to Remand and Brief in Support [Docket No. 33] should be GRANTED.

## Procedural History

Plaintiff, an Oklahoma resident, filed this action on June 16, 2022, in state court in Pushmataha County, Oklahoma in Case No. CJ-2022-17. Plaintiff originally named Durant HMA, Neilson, and Johnson & Johnson, as well as DePuy Synthes, Inc., and DePuy Spine, Inc. as Defendants. In February 2023, Plaintiff moved to amend her state court Petition to add DePuy Spine, LLC; DePuy Synthes Sales, Inc.; DePuy Orthopeaedics, Inc.; DePuy Synthes Spine; and Medical Device Business Services, Inc. The State Court granted Plaintiff's Motion, and Plaintiff filed the First Amended Petition on March 23, 2023. *See*

Docket No. 15, Ex. 67, p. 7.  Defendant DePuy Synthes Products, Inc. was served May 23, 2023, and removed the case to this Court on May 26, 2023.  *See* Docket Nos. 1-2 & 15, Ex. 67, p. 9.  DePuy Synthes Products, Inc., then filed an Amended Notice of Removal on May 31, 2023.  *See* Docket No. 15.  The Amended Notice indicates that all served Defendants[1] except Durant HMA and Neilson (both Oklahoma residents) consent to removal, *see also* Docket Nos. 10-14, but that diversity jurisdiction nevertheless exists because Durant HMA and Neilson are improperly joined in this case.  Plaintiff has now moved to remand, asserting there is no diversity jurisdiction.

## Analysis

It is important first to note that federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941);

---

[1] DePuy Synthes Spine, a division of Johnson & Johnson, appears to be the sole named Defendant not served at this time.

*United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002).

<u>Consent to Removal</u>. "In a case with multiple defendants, there must be unanimous consent to removal; any one defendant may spoil removal and keep the entire case in state court. Only true defendants have removal rights[.]" *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1246-1248 (D.N.M. 2014) (citing, *inter alia*, 28 U.S.C. § 1446(b)(2)(A)). This rule applies to all Defendants, whether they are necessary parties under Fed. R. Civ. P. 19 or permissive parties under Rule 20; however, Defendants who have not been served are not required to join in removal. *Id.*, at 1250. Additionally, "28 U.S.C. § 1446(b)(2)(A) states: 'When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.' The statute does not require the consent of improperly joined defendants." *Flores-Duenas v. Briones*, 2013 WL 6503537, at *35 (D.N.M. Dec. 1, 2013) (quoting 28 U.S.C. § 1446(b)(2)(A)).

Here, the non-diverse Defendants, Durant HMA and Neilson, have not consented to removal. Their presence in the case thus destroys this Court's diversity jurisdiction if they are properly joined. Defendants contend the non-diverse Defendants are not properly joined, while unsurprisingly, Plaintiff contends they are. The diverse Defendants, *i.e.*, J&J Defendants, first urge the Court to adopt the procedural misjoinder doctrine to find Durant HMA and Neilson are not properly joined. Alternatively, J&J Defendants contend that

Fed. R. Civ. P. 21 authorizes the Court to drop the two non-diverse parties. The undersigned Magistrate Judge addresses these two arguments in turn.

<u>Procedural, or Fraudulent, Misjoinder Doctrine</u>.[2] Defendants largely rely on the doctrine of procedural misjoinder in support of removal. "Fraudulent [Procedural] misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action. While the traditional fraudulent joinder doctrine inquires into the substantive factual or legal basis for the plaintiff's claim against the jurisdictional spoiler, the fraudulent *mis*joinder doctrine inquires into the procedural basis for the plaintiff's joinder of the spoiler." E. Farish Percy, <u>Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine</u>, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006) (emphasis added). Unlike fraudulent joinder, many circuit courts have not addressed the doctrine, and procedural misjoinder has only been adopted by the Eleventh Circuit. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds* ("A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'") (quoting *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921)). The undersigned Magistrate Judge

---

[2] This doctrine is also known as the "fraudulent misjoinder" doctrine. To distinguish this doctrine from the well-accepted and distinct doctrine of "fraudulent joinder," the undersigned Magistrate Judge will refer to this doctrine as the "procedural misjoinder doctrine." *See Nichols v. Medtronic, Inc.*, 2020 WL 3050770, at *3 (W.D. Okla. June 8, 2020) ("The fraudulent joinder doctrine has been widely accepted by courts, including the Tenth Circuit. Not the case with fraudulent misjoinder.") (citing *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (fraudulent joinder)).

notes that "[i]t is no mere happenstance that the doctrine has not been considered by a significant number of circuit courts," but rather a "consequence of the limited scope of appellate jurisdiction over remand orders." *V.V. v. Meta Platforms, Inc.*, 2023 WL 3613232, at *7 (D. Conn. May 24, 2023).

Pertinent here, the Tenth Circuit has twice declined to either adopt or reject the procedural misjoinder doctrine. *See Lafalier v. State Farm Fire & Cas. Co.*, 391 Fed. Appx. 732, 739 (10th Cir. 2010) ("There may be many good reasons to adopt procedural misjoinder, as the Insurers argue. But we need not decide that issue today, because the record before us does not show that adopting the doctrine would change the result in this case.") (also quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006)); *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014) ("[C]onsideration of this issue would require us to determine whether to recognize the doctrine of fraudulent misjoinder of plaintiffs to circumvent diversity jurisdiction a rule that the defendants admit has not yet been adopted within this circuit[.]") (internal quotations omitted). And district courts all over the country have reached differing conclusions as to adopting or rejecting the doctrine, and the parameters applied to it. *See, e.g.*, *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 870 (N.D. Ohio 2008) ("Various federal district courts around the country have likewise reached divergent conclusions on the doctrine's applicability.") (collecting cases); *see also Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1210-1211 (D. Nev. June 12, 2018) (citing numerous cases in the Ninth Circuit that have "repeatedly and consistently pooh-poohed the doctrine.").

Additionally, "even when the doctrine has been adopted, it has not been uniformly applied." *Sanelli v. Farmers Ins. Co., Inc.*, 2023 WL 3775177, at *3 (W.D. Okla. June 2, 2023). *See, e.g., Greer v. State Farm Fire & Cas. Co.*, 2019 WL 2578087, at *1 (W.D. Okla. June 24, 2019), n. 7 (collecting cases). "Conducting fraudulent misjoinder analysis in this case necessarily requires the Court to wade into a thorny thicket of unsettled law; disagreements exist as to numerous questions about the doctrine, and 'the last thing the federal courts need is more procedural complexity.'" *Geffen*, 575 F. Supp. 2d at 871 (quoting *Osborn v. Metropolitan Life Ins. Co*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004)). However, the unresolved questions related to this doctrine nevertheless include: "[w]hether to apply the doctrine in the first place, whether the doctrine requires egregious misjoinder or some other level of bad faith before it can be invoked, whether to apply state or federal joinder law, and whether a federal court should be deciding issues of state joinder law in the first instance[.]" *Id.* Accordingly, "[t]he reasons against the doctrine are many and persuasive[,]" *Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631, at *4 (C.D. Cal. July 17, 2015), because "questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule," *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 621-622 (8th Cir. 2010).

The undersigned Magistrate Judge has thoroughly reviewed this doctrine, and agrees with those courts who have declined to adopt it, based on the concerns listed above. *Hampton*, 319 F. Supp. 3d at 1212 ("The undersigned is persuaded that these concerns render the fraudulent misjoinder doctrine untenable. . . . [A]dopting the fraudulent

misjoinder doctrine is an improper expansion of federal subject matter jurisdiction without legislative authorization."); *see also Sanelli*, 2023 WL 3775177, at *3 (W.D. Okla. June 2, 2023) ("Without any controlling precedent as to the adoption of the doctrine of fraudulent misjoinder, including the parameters of the doctrine and the applicable governing standard, the Court declines to apply it."). The undersigned Magistrate agrees with the Eastern District of California when it stated, "The Court is confounded by the concept's circular logic in that it requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction. However, the authority to sever misjoined claims or defendants under Rule 20 *presumes* the Court has jurisdiction to act." *Perry v. Luu*, 2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013) (emphasis in original). In sum, there are "basic and fundamental questions that remain unresolved" and the undersigned Magistrate Judge further agrees that "courts applying the doctrine have struggled to advance a coherent articulation of the standard[.]" *Hampton*, 319 F. Supp. 3d at 1212. This is in contrast to Justice Ginsburg's admonishment that "in most instances subject-matter jurisdiction will involve no arduous inquiry." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999). Indeed, "the last thing the federal courts need is more procedural complexity." *Osborn*, 341 F. Supp. 2d at 1127. The undersigned Magistrate Judge applies the logic of the District of Nevada:

> [T]here is a straightforward means to avoid all of these policy concerns: rather than allowing a defendant to use a "removing first and answering questions later" approach, the defendant can seek severance from the state court before removing the case. State courts are well-equipped to resolve the issue of misjoinder. In the event the state court finds severance to be proper, then the defendant could remove the pertinent piece of the case to federal court. Given the abundant concerns with the fraudulent misjoinder doctrine

> and the ability to address severance in state court, many courts have found the better approach is for a defendant to seek severance in state court before attempting to remove to federal court. [J&J Defendants] provide[] no insight or explanation as to why [they] did not promptly seek severance in state court prior to removal, and the undersigned declines to sanction its "removing first and answering questions later" approach.

*Hampton*, 319 F. Supp. 3d at 1213 (citations omitted). The undersigned Magistrate Judge joins the sister District Courts who have declined to endorse the procedural misjoinder doctrine, and recommends this Court do the same. *See Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 817 (5th Cir. 2021) ("Declining to adopt the fraudulent misjoinder doctrine as a basis for exercising diversity jurisdiction and holding that misjoinder issues should be addressed in state court prior to removal also brings greater clarity to the line between removable and non-removable cases. A defendant would have a clear framework for determining the removability of a case involving plausible but potentially misjoined claims between non-diverse parties. The defendant would move to sever those claims on misjoinder grounds before removal, and either the state court grants the motion and the case becomes removable or it denies the motion and the case remains non-removable.").

<u>Severance Pursuant to Rule 21</u>. Alternatively, J&J Defendants argue the Court should exercise its discretion and create subject matter jurisdiction by severing the claims against Durant HMA and Neilson pursuant to Rule 21, and remanding only those state law claims against these two Defendants. Rule 21 states, "[m]isjoinder of the parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

"Courts have frowned on the use of Rule 21 to create federal subject matter jurisdiction." *Nichols v. Medtronic, Inc.*, 2020 WL 3050770 at *4 (W.D. Okla. June 8, 2020) (citing cases and declining to use Rule 21 to create diversity jurisdiction); *see also Nyman v. Mid-Century Ins. Co.*, 2022 WL 17323080 at *2 (D. Utah Nov. 29, 2022) ("The Court declines to use Rule 21 as a means to create subject matter jurisdiction where it did not otherwise exist at the time of removal."). In practice, "[c]ourts have flatly rejected this alternative approach as relying on the same confound[ing] circular logic by which a removing defendant asks the court to act without jurisdiction as a means to create jurisdiction." *Hampton*, 319 F. Supp. 3d at 1214 (quotation omitted).

The undersigned Magistrate Judge finds that "the better approach is to have such severance arguments addressed to, and adjudicated by, the state court[,]" *Id.*, at 1214, and therefore declines to create subject matter jurisdiction by resorting to the discretionary severance provisions in Rule 21. *See Klintworth v. Valley Forge Insurance Company*, 2018 WL 4521219, at *2 (N.D. Okla. Sept. 21, 2018) ("[T]here is a difference between curing a jurisdictional defect and creating federal jurisdiction in the first instance. . . . The Court will not use Rule 21 to manufacture federal jurisdiction[.]").

<u>Attorney Fees</u>.  Plaintiff requests an award of attorney fees and costs in the event the Motion to Remand is granted. However, J&J Defendants' removal action was reasonable given the confusion surrounding the application of the procedural misjoinder

doctrine and severance pursuant to Rule 21, and the undersigned Magistrate Judge thus recommends denying Plaintiff's request for attorney fees and costs at this time.[3]

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand and Brief in Support [Docket No. 33] should be GRANTED for lack of subject matter jurisdiction. The undersigned Magistrate Judge further recommends the case be remanded to the District Court of Pushmataha County, in the State of Oklahoma. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 21st day of July, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] If the Court adopts this result, thereby rejecting the procedural misjoinder doctrine, Defendants would then be placed on notice for future actions and removal in a future case would not be considered reasonable. *See Geffen*, 575 F. Supp. 2d. at 873 n.11 (The instant ruling now constitutes the 'law of the case' for these MDL gadolinium cases, and *all* defendants (including defendants not named in the instant case) are now on notice that the Court has rejected the fraudulent misjoinder doctrine. Accordingly, removal of subsequent gadolinium cases in similar circumstances (*i.e.* cases removed that are facially beyond the Court's jurisdiction because the parties include non-diverse defendants against whom medical malpractice claims are asserted) will almost certainly been viewed as objectively unreasonable, regardless of from whence any such cases are removed.").